Good morning, Your Honors. May it please the Court, my name is Louis Turan, here on behalf of Appellants Inhale. This case explores the extent in which the copyright law protects functional items. Appellants argue that the artistic versus the utilitarian value of a functional device is not a question of law, but a fact-intensive question that is to be determined at trial. More specifically, this case explores the conceptual separability test as it applies to a glass water container used in a smoking device called a hookah. The District Court found that because this is a water container, it likened it to a bottle and then used past decisions by the Copyright Office that indicated bottles are not copyrightable items because the reasoning behind the Copyright Office's decision is that every aspect of the shape of a bottle is designed to create a volume, a void, into which liquid is inserted for storage. My notes indicate that both sides seem to agree that this is a useful article. Am I wrong about that? That is correct. There is no dispute that this is a useful article. However, Appellants argue that various aspects of the useful article are not utilitarian in nature. They are artistic in nature and thus fall within the realm of copyright law. Now that was the basis. What aspects of those? The primary aspects is that the outer surface of the bottle is distinct and different from the inner surfaces. So as to create a conceptual outer skin that can be peeled off, thus leaving behind the internal shape that creates the volume in which the liquid is contained. And what artistic or useful, two different questions, basis is there for the outside skin as opposed to the inside volume containing mechanism? The outer skin contains various curvatures, very unique, various curvatures that are artistic in nature, have no functional value to it. Have they been reproduced in artistic works in any other medium? I don't know the answer to that, Your Honor. No, you're ignorant of it. Yes, not that I know of. I mean, one of the aspects of copyright law is originality, meaning that the author created it on his own, regardless as to whether it's been produced in the past by somebody else. If the author created it on its own, it's original, and then if it contains a minimum degree of creativity, that would make it original and fall within the bounds of copyright law. And in this case, that is the case. Where did the district court go wrong in ruling against the theory that it's not copyrightable? One of the things that the district court said in its opinion is that the fact that this item was not intended to be a museum piece makes it fall outside the realm of copyright law. This piece was intended to be a useful article, and there's no dispute of that. It was intended to be a useful article, but the fact that it was not intended to be a museum piece is not, you know, it's erroneous. That does not put it outside, it's a high burden to me that it should not put it outside the realm of copyright law, because it still has some artistic aspects in it that are original pursuant to copyright law. All right, where does the doctrine of separability come in here? So the doctrine of separability, we're relying on the doctrine of conceptual separability. As I said before, it would be, there's an outer skin, there's outer surfaces that differ from the inner surfaces. The inner surfaces create the volume in which the fluid is contained, which is the functional aspect of it, and then the outer surfaces simply create a look. Except that you disclaimed any copyright protection in the skull and crossbones, which is the artistic material appearing on the bottle. So if you had a, you know, Picasso-like painting on the useful article, presumably that aspect would be copyrightable, and I don't think your opponents are arguing to the contrary. But once you disclaimed that, why isn't the district court correct under the ornamental bottle cases? Well, the, what we disclaimed is artwork that was etched or attached to the surface of the object. Correct. So what you're left with is a shape. Correct. So what we're left with is a shape. So the shape of a useful article such as a bottle is not separately copyrightable. Well the shape, when we look at only the shape, then the question becomes whether the shape or various aspects of the shape can be separated and exist independent of the utilitarian functions of the article. And in our case, we argue that the outer shape, the curvatures on the outside surface, can be separable, conceptually separable, from the utilitarian aspect of the device. Has that outside shape been used in any illustrations, in any other way to convey an artistic feeling? Well the outside shape, the way it was... I mean, has Picasso made a painting of it? No, I mean, not to my knowledge. I mean, we haven't seen an outside shape like this before. As far as we're concerned, this is original to the author in this case. The various curvatures of the outside shape is very, is original to the author in this case. Does it pretend to have any historical, societal, or cultural identity, other than the shape? No it does not. I mean, this isn't something that's been used in the Ottoman Empire for the last 500 years. Correct, it is not, Your Honor. It is not. It doesn't claim to have any historical value, but the essence of copyright law is originality, meaning that it requires a minimal degree of creativity. That's what copyright is intended to do, is to encourage creativity and allow authors to be awarded, rewarded for their creative designs. So Your Honors, we relied much on the case of Poe versus Missing Persons, in which this court found that sculptural work is copyrightable, is a copyrightable useful article, is a fact sensitive one that must be determined on a case-by-case basis. It is not a question of by district courts. And for that reason, various questions arise, one of them being whether utility aspects are secondary versus artistic aspects that are primary, or whether the artistic, whether this device has artistic, non-functional features. The other question is whether the artistic design is not influenced by the functional considerations. And I think some of the, this case shows that this item, this water container, has been around for a number of years, hundreds of years, in different various shapes and sizes. So some of the artistic features in this device certainly do not influence the functional considerations. Wasn't the issue in Poe whether the shape was a useful item? Correct. The issue in Poe is... But here, here it's stipulated, it's conceded it was a useful item. Well, I think... I think the issue in Poe was, one, whether it was a useful item, and then, and two, whether that useful item contained any artistic aspects that would fall within the copyright law. And that, that would be, you know, that would be a fact-intensive question. One would have to look as to what, you know, what the, what is primary, the functionality or the artistic aspect of, of, of the design. Counsel, you're down to less than two minutes. You may reserve, you may... I would like to reserve, Your Honor. You may do so. We'll hear from Shabazz Tobacco. Oh, Starbuzz, excuse me, Starbuzz Tobacco. Good morning, Your Honor. May it please the Court? My name is Natu Patel, and I represent Starbuzz Tobacco and Sully Melwani, while Sully Melwani. Mr. Patel? Your Honor, there are two facts in this case that are important and worth noting up front, which the Court already addressed that. One, when Inhel got the copyright registration for Hookah water container, Your Honor, it had a skull and a cross-bone pattern on it. In litigation, Inhel disclaimed that. So the only thing we are left with is the bottle. Second, counsel has already admitted on the record at the district court level that a container was a useful article. Based on these, as a matter of law, district court found that what is left is a plain, functional water container without any artistic element that could stand separately as a work of art. Why isn't the shape artistic? Your Honor, the reason shape is not artistic is because Ninth Circuit has consistently adopted physical and conceptual separations. And in this circuit, an article which has any intrinsic utilitarian functions will be denied copyright protection, except to the example, Your Honor, the bottle which is there, Arrowhead water bottle, that's exactly what the container is. It's a water bottle to fill the water for the Hookah. There is no way, and I think Judge Wright also made a point during the MSGA hearing, looking at the sports bottle or looking at any water bottle, you literally cannot take out any artistic element, because if you do, there is nothing left of it. The shape itself is the shape which Plenty is looking for protecting through this litigation. In fact, Your Honor, if we go back to the complaint, and complaint alleges against defendants that defendants are infringing the shape of the bottle, not because defendant had never produced any product with a skull and cross-bond patent, Your Honor. Counsel, help us with this separability test, and I'd be interested in your view of a Compendium 2 test. Your Honor, Compendium, the Copyright Office has its own test which Court identified. It does not give copyright protection to shape of any bottles. In fact, Your Honor, there is an ample record on a supplemental from 512 to 579, where there were multiple applications were filed relating to the various beautiful bottles, and a Copyright Office has consistently rejected. The Compendium test basically focuses on the artistic feature that can be imagined separately and independently from the useful article without destroying the basic shape of the useful article, Your Honor. So if you take away the skirt and the lip and whatever Inhalie is claiming to be the bottom, and if you take away the skull and the cross-bonds, it's simply a bottle, and that's what district court correctly pointed out, Your Honor. Do you see any difference between your case and the Etz Hockins case involving the sky bottle of vodka? In fact, Your Honor, the Ninth Circuit has been consistently using Etz Hockin case, which is basically a incorporation of physical and conceptual separability, and also what came from the Copyright Act of 1976, which focuses on basically even the Congresses say that even in a three-dimensional design which contains elements such as carving on the back of a chair or a floral relief design, copyright protection would extend only to the element and not to the useful article. And the Ninth Circuit has adopted that position consistently. Your Honor, plaintiff also relies on poor versus missing persons. Unfortunately Inhalie takes that case a little too far. Poor did not stand for the proposition that a summary judgment cannot be used to determine copyrightability, rather poor merely stands for the proposition that defendant must present uncontroverted evidence of usefulness in its motion for summary judgment. It was actually a case which was, which basically reverses summary judgment, Your Honor. Your Honor, not only, what Inhalie is also seeking, Your Honor, is if Inhalie were to give any protections into the bottle, then Inhalie is also seeking de facto patent protections because under copyright law, not only Inhalie can sue for similar looking items, but also it can sue everyone for substantial similarity, based on substantial similarity. Your Honor, if this Court were to go back and give protection to the bottle, I think it will create a very serious policy issues in this district, in this circuit. For example, Your Honor, anybody can take all types of hookah water container and put it in a bottle, file for $35 for copyright applications, and file maybe 200 or 300 copyright applications and deter the competitions. Because once that copyright is received, then based on this type of case, the plaintiff will continue to sue for shape of the article. And that's exactly what Copyright Office wanted to avoid. That's exactly what Ninth Circuit has consistently avoided, and that's exactly other circuits, even Second and Eleventh Circuit has consistently held as well. Your Honor, in this case, there is also an issue which I would like to briefly address regarding attorney's fees. District Court did not abuse its discretion while granting the attorney's fees, Your Honor. Jackson v. Exton, there were several factors for attorney's fees. One, they repeatedly relied on pleadings, Your Honor. All rebuttable evidence which INHEL provided was directly going towards its complaint and the plea. There was no admissible evidence before the Court with respect to opposition of the summary judgment. INHEL failed to cite any authority for its proposition that the shape of the bottle was copyrightable. INHEL's argument at the District Court level were objectively unreasonable, as very clearly articulated by Honorable Wright on the record, which is also before the Court. Defendants have completely achieved total success in terms of defending the merits of this case. Therefore, award of attorney's fees was justified. Is the same standard applicable to award of attorney's fees on appeal as it is on, as it is on appeal? Or do you seek attorney's fees on appeal? Yes, Your Honor. We are seeking because Doesn't the appeal have to be frivolous? Yes, Your Honor. Are you saying this is frivolous? That's our position. And because You've got a copyrighted registration. Yes, Your Honor. The Court is correct that INHEL obtained the copyright registration. However, the copyright registration was for sculpture, a three-dimensional product with the skull and crossbones. When INHEL disclaimed skull and crossbones, Your Honor, INHEL had given up all their rights with respect to that copyright features which were with the copyright registration, Your Honor. So you're relying on Rule FRAP 38, is that correct? Federal Rules of Appellate Procedure Rule 38? Yes, Your Honor. Which requires a frivolous argument. Yes, Your Honor. You're saying that what we've heard this morning is frivolous? Your Honor, based on what we have presented in the papers as well as what we have articulated so far, once INHEL disclaimed, INHEL consistently, even in the complaint, has been going after Starbucks tobacco for the shape of the bottle, not with the bottle which had skull and crossbones. And that itself, and even in the summary judgment motions, Your Honor, INHEL never submitted any evidence other than attorney's argument and directing the district court to the pleadings. Thank you. Thank you, counsel. Your time is about to expire. Thank you. Mr. Teran, you have some reserve time. Yes, Your Honor. Thank you very much. I'd like to point out one thing, a couple of things that counsel mentioned. It is true that the Copyright Office in the past has rejected registrations to bottles. But in this case, the Copyright Office reviewed this registration, reviewed the item and granted registration to this particular item. Certainly, the Copyright Office must have found that the registration included the skull and crossbones. It did include the skull and crossbones, but it was specifically for sculptural 3D artwork. That was on your application, but that does not necessarily appear on the grant of the copyright. It does. It does, Your Honor. Where? On the registration itself. Give me a page site where the Copyright Office has given the imprimatur to the three-dimensional shape. The Certificate of Registration on... This ER-15? ER-15, yes. Okay, and where on ER-15 are you, what are you relying on? In there, towards the middle, under the heading author. It says author created, and it says sculpture slash 3D artwork. It's not a graphical artwork or a two-dimensional artwork. Right, but that's like saying that doesn't mean that it's the shape alone. I mean, if you had, it's the shape with artistic stuff on it that makes it a sculpture in this case, because it is a useful article. So I don't understand how that shows that it's the shape alone that gives rise to the copyright. If appellants were seeking protection for the graphical artwork, the skull and bones, then the practice would require us to submit to that graphical artwork by itself without the shape of the bottle and then claim it as a graphical two-dimensional piece. But in the copyright catalog, it lists the type of work as the visual material. So, I mean, I guess one can argue about what that means. I mean, and with the application, we submitted photographs of every angle, both top and bottom of the. All of which showed the skull and crossbones. Not the bottom and the top. Well, not the bottom. The bottom and the top. You can see it. From the top version, you can still see the. Counsel, you're out of time, but I would like to hear your response on the fees on appeal. Yes. Well, Your Honor, we rely on the fact that when we filed this suit, we relied on the fact that we had obtained a copyright registration for this item. And I think in the district court's opinion, it did indicate that the registration that was granted was for the sculpture of three-dimensional artwork. But once you drop the claim with respect to the skull and crossbones, your legal position really changed pretty dramatically. Well, we never claimed infringement of the skull and crossbones. We always claimed infringement of the shape of the bottle. And the sculpture, three-dimensional piece of this item, which is the shape. Okay. Thank you, Counsel. Your time has expired. The case just argued will be submitted for decision.
judges: O'scannlain, Graber, Bea